FILED
99 AUG 31 PM 1:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BILLY PELFREY,

Plaintiff,

v.

UNITED DEFENSE LP; CHEMICAL WASTE MANAGEMENT, INC.; and TRI-STATE MOTOR TRANSIT,

Defendants.

CIVIL ACTION NO. 99-G-0309-S

ENTERED
AUG 31 1999

MEMORANDUM OPINION

This cause first came before the court in March of this year on the plaintiff's motion to remand. The original complaint for worker's compensation[1] was filed in the Circuit Court of Calhoun County against Mr. Pelfrey's employer United Defense LP. That complaint related to severe respiratory injuries he sustained arising out of his January 10, 1997, exposure to toxic chemicals. The plaintiff amended his complaint and added additional counts against

[1] Alabama's Workers' Compensation Act is located at Ala. Code § 25-5-1, *et seq.* (1975).



defendants Chemical Waste Management, Inc. [hereinafter CWM] and Tri-State Motor Transit [hereinafter Tri-State]. Defendants removed the suit to federal court. This court questioned its jurisdiction and specifically asked the parties to brief the issue of the location of the principal places of business of named defendants CWM and Tri-State, limiting their briefs to application of facts as they pertain to the principal place of business as discussed in Wright, Miller & Cooper, Federal Practice and Procedure; Jurisdiction 2d § 3625. Plaintiff later asked for an extension of time to conduct limited discovery to ascertain needed information. The parties have extensively briefed the jurisdiction issue.

The Eleventh Circuit has adopted the "total activities" test for determining a corporation's principal place of business. See *Anniston Soil Pipe Co. v. Central Foundry Co.*, 216 F. Supp. 473 (N.D. Ala. 1963),*aff'd,* 329 F.2d 313 (5th Cir. 1964). According to *Vareka Inv. v. American Inv. Properties, Inc., 724 F.2D 907, 909-10 (11TH Cir. 1984), cert denied*, 469 U.S. 826 (1984), the "total

activities" test is a combination of the "nerve center"[2] and "place of activities"[3] tests.

Tri-State, a long hauling trucking corporation, maintains that its principal place of business is Joplin, Missouri. Although it owns or leases property in Lincoln, Birmingham and Emelle, Alabama, it owns 14 terminals nationwide and leases 45 terminals in 28 other states. Tri-State employs 33 drivers in Alabama, approximately 222 Missouri-based drivers and employs approximately 650 drivers nationwide. From the information supplied the court the "nerve center" of Tri-State is Joplin, Missouri, where it has significant administrative authority. Tri-State is incorporated under the laws of Delaware.

Defendant CWM is a subsidiary of Waste Management, Inc, a Delaware corporation. CWM corporate offices are located in Houston, Texas, and Lombard, Illinois, where the

---

[2] In the "nerve center" test emphasis is placed on the locus of the managerial and policymaking functions of the corporation.

[3] In the "place of activities" test focus is placed on production or sales activities.

corporation's business is directed and controlled. Executive offices, and those of legal affairs, personnel, and financial accounting are located primarily in Houston, with certain legal, personnel, and human resources functions carried out at its Lombard, Illinois, corporate office. The company provides hazardous waste management services in 22 states in the United States.

CWM's Alabama operation is located in Emelle, Alabama. The Emelle operation comprises approximately 2700 acres (379 used for landfill operations). The number of employees employed on a daily basis has steadily declined in the last four years from 117 in 1996 to the 71 now employed. Waste receipts have declined over the three year period covering 1996 to 1998 from a total of 337,550 tons in 1996 to 141,499 tons in 1998. Revenue from this facility has dropped from 16.1963% of total company revenue in 1996 to 9.4759% of the total company revenue in 1997.

CWM operates large facilities in Illinois and Texas, employing 150 to 200 people at each facility. They operate fully integrated hazardous waste incineration

processes, as well as laboratory, technical and compliance related work.

Neither defendant was incorporated in Alabama. Neither has its principal place of business in the state. Application of the "total activities" test clearly indicates that neither CWM's nor Tri-State's principal place of business is in Alabama. For purposes of the removal statute total diversity exists and the matter is properly before this court. Too, the requisite jurisdictional amount exists.

Pursuant to 28 U.S.C. § 1445(c), however, set forth below, the original worker's compensation case belongs in state court:

> A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

The court hereby severs the workmen's compensation claim and remands it to the Circuit Court of Calhoun County. The morion to remand the claims against defendants CWM and Tri-State is denied.

An order consistent with this opinion is being entered contemporaneously herewith.

DONE and ORDERED this 31st day of August 1999.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.